EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ELIEZER JIMÉNEZ, acusado y apelante.

No. 5559.—*Sometido:* Enero 24, 1935. *Resuelto:* Enero 30, 1935.

*Leopoldo Tormes García,* abogado del apelante; *R. A. Gómez, Fiscal* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

En la Corte Municipal de Orocovis el policía insular José I. Díaz presentó denuncia contra Eliezer Jiménez imputándole la comisión de un delito de acometimiento y agresión grave consistente en haber acometido y agredido en dicho pueblo en la noche del 26 de agosto de 1933 con la intención de causarle grave daño corporal a una mujer, Juana María Rivera.

La corte declaró culpable al acusado quien no conforme apeló para ante la Corte del Distrito, Ponce. Celebrado el juicio de nuevo, volvió a ser condenado el acusado que apeló entonces para ante este tribunal alegando error en la apreciación de la prueba. Sostiene que de ella resulta que estuvo justificado en la violencia que ejerció contra la dicha Juana María Rivera de acuerdo con la ley.

La evidencia fué contradictoria y el conflicto resuelto en contra del acusado. La agredida era su esposa que vió que con él iba otra mujer, su querida, con la cual se trabó de palabras y al tratar de pasar a los hechos el acusado las separó, agrediendo entonces innecesariamente a su esposa.

Esta versión, creída por la corte, encuentra apoyo en la delaración del policía denunciante. Otras declaraciones son confusas y llamada a la silla de testigos Juana María Rivera por la defensa, manifestó que era ella la que había agredido a su esposo a quien hubiera matado aquella noche junto con

la otra mujer. La corte no dió crédito a su testimonio. Conocedora del corazón humano, concluyó que aun después de ofendida y agredida, faltaba a la verdad por salvar a su esposo, y no se ha demostrado que al actuar así cometiera error alguno.

Es cierto que la propia ley que castiga el delito de acometimiento—Ley de 1904, Comp. 1911, pág. 948—prescribe que la violencia contra una persona no constituirá acometimiento ni acometimiento y agresión entre otros casos cuando se emplea en defensa propia o en defensa de otra persona contra la violencia ilegal ejercida contra ella o su propiedad, pero se cuida de prescribir también que sólo podrá emplearse el grado de fuerza que fuere necesario para realizar dichos fines. Secciones 2, No. 6, y 3 de la ley.

Y aquí si bien la violencia que pudo emplear el acusado para separar las dos mujeres estaría justificada, la que empleó inmediatamente después, según la prueba creída por la corte, contra una de ellas, su esposa, no tiene justificación y constituye un claro acto delictivo prescrito y castigado en la ley, aquél que se imputó y por el cual fué condenado el acusado.

*Debe confirmarse la sentencia recurrida.*